**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| EDSON FURTADO | * |
| Plaintiff | * |
| v | *   Civil Action No. RWT-11-2535 |
| U.S. DISTRICT COURT, <u>et al</u>.[1] | * |
| Defendants | * |

**MEMORANDUM OPINION**

The above-captioned Complaint was filed on September 6, 2011. For the reasons that follow, the Complaint must be dismissed.

Although a Complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 569. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 547.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a

---
[1] Plaintiff also names as Defendants to this action: Circuit Court for Harford County, Circuit Court for Howard County, Circuit Court for Montgomery County, District Court for Baltimore City, Maryland Office of Administrative Hearings, Clifton T. Perkins Hospital Center, Circuit Court for Anne Arundel County, DHMH, Michael A. Jackson, Md. Attorney General Office, Douglas F. Gansler, U.S. Attorney General Office, Erick Holder, Clerk (SDAT), Clerk IRS/UCC-1 UCC-3, Nancy K. Kopp, B.H. Obama, Hillary R. Clinton, Martin O-Malley, John McDonald, Clerk United Nations, Court of Special Appeals, Brazil Consulate, Bulgaria Consulate, Kenya Consulate and China Consulate. ECF No. 1 at p. 1.

short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Moreover, each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 555).

Factors to consider in determining if a Complaint fails to comply with Rule 8(a) include the length and complexity of the complaint, see, e.g., United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir.2003); whether the complaint was clear enough to enable the defendant to know how to defend himself, see, e.g., Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000); and whether the Plaintiff was represented by counsel. See, e.g., Elliott v. Bronson, 872 F.2d 20, 21-22 (2d Cir. 1989).

The court has thoroughly examined the Complaint and finds it is insufficient and does not comply with federal pleading requirements. Instead of a concise statement of facts as to the underlying cause of action, the Complaint is a rambling diatribe with no discernible factual allegations from which a cause of action might be gleaned. The statements made in the Complaint are nonsensical, referencing various contracts and the Uniform Commercial Code (UCC). Plaintiff is no stranger to this Court and is well-known for his attempts to litigate claims based on beliefs espoused by the "flesh and blood" movement.[2] Even after affording the matter a generous construction the court cannot determine the precise nature and jurisdictional basis of the Complaint and how each named Defendant, some of which are not persons or are immune from suit, is involved. The Court will not spend its resources attempting to parse out possible

---

[2] See e.g., Furtado v. Circuit Court for Montgomery Co., Civ Action RWT-11-1618 (D. Md.) (dismissal of habeas petition supplemented with pleading replete with nonsensical "flesh and blood" claims).

actionable claims and requiring an answer from any Defendant. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A* ., 534 U.S. 506, 512, (2002) (internal quotation marks omitted). The instant Complaint is far afield from this requirement and shall be dismissed by separate Order which follows.

Date: October 31, 2011                                              /s/
                                                          ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE